United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Andre D. Barbary, Movant, | ) |
| | ) |
| v. | ) Civil Action No. 18-61148-Civ-Scola |
| | ) (Criminal Case No. 12-60011-CR-Scola) |
| United States of America, | ) |
| Respondent. | ) |

## Order Denying Motion to Alter or Amend Judgment

Barbary requests that the Court alter or amend the judgment in this case under Rule 59(e) (ECF No. 15). Because the Motion does not present any ground to support alteration of the Court's Order Adopting the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 12), the Motion will be **denied** for the reasons set forth below.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted).

Barbary contends that the Court committed manifest errors of law or fact in its determination that Barbary's § 2255 motion in this case is a successive motion for which he had not properly sought permission to file from the Eleventh Circuit pursuant to 28 U.S.C. § 2255(h). In support of his argument he points out that his motion for leave to file a second or successive § 2255 motion was docketed over two weeks before Judge White issued his R&R in the

instant case, and therefore, that the Court's finding that his present § 2255 motion is successive is incorrect. *See In Re: Andre Barbary*, Case No. 18-12412-F (11th Cir. 2018). However, Barbary also concedes that the Eleventh Circuit subsequently denied his motion for leave to file a second or successive § 2255 motion on the merits. Upon review, Barbary's argument lacks merit. Indeed, Barbary filed the instant § 2255 motion almost three weeks before his motion for leave was docketed in the Eleventh Circuit, and thus, he had not obtained the proper certification pursuant to 28 U.S.C. § 2255(h) prior to filing the instant § 2255 motion—which is properly barred as successive.

Accordingly, after considering the motion, the record, and the relevant legal authorities, the Court **denies** Barbary's Rule 59(e) motion (**ECF No. 15**). No certificate of appealability shall issue.

**Done and ordered** at Miami, Florida, on August 2, 2018.

_____
Robert N. Scola, Jr.
United States District Judge